**In re Lawrence D. JAMISON, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 98–BG–1148.**

District of Columbia Court of Appeals.

Submitted March 18, 1999.

Decided April 1, 1999.

Before FARRELL and REID, Associate Judges, and KERN, Senior Judge.

PER CURIAM.

The Board on Professional Responsibility (the Board) recommends that respondent Lawrence D. Jamison, admitted to the Bar of the District of Columbia (the Bar) in May 1975, and disbarred by the court in June 1984, be denied reinstatement.

Respondent was disbarred for various violations listed in the Board's Report and Recommendation. The most serious violations involved the making of knowing and willful misrepresentations in the handling of a bankruptcy petition, the forging of a notary's signature, and the use of the notary's seal. On November 8, 1996, respondent filed for reinstatement with the Board.

*In re Roundtree*, 503 A.2d 1215, 1217 (D.C. 1985), established five factors to be considered in each reinstatement case:

(1) the nature and circumstances of the misconduct for which the attorney was disciplined; (2) whether the attorney recognizes the seriousness of the misconduct; (3) the attorney's conduct since discipline was imposed, including the steps taken to remedy past wrongs and prevent future ones; (4) the attorney's present character; and (5) the attorney's present qualifications and competence to practice law.

An attorney seeking reinstatement has the burden of proving to the Board that upon consideration of these five factors, reinstatement is warranted. *Id.* (citing D.C. Bar R. XI, § 21(5)).

The Board rejected respondent's petition for reinstatement, concluding that he failed to meet his burden of proving his fitness pursuant to the *Roundtree* factors. Specifically, the Board noted that respondent has continued to trivialize the significance of his misconduct, characterizing it as a "series of complaints or issues that arose between lawyer and client ... [that] evolved into what has now become this big book of judgments that say that I failed to do things." Moreover, at his reinstatement hearing, respondent continued to maintain his innocence. In addition, respondent's conduct since his disbarment, as noted in the Board's Report and Recommendation, provides evidence that his character has not changed. The Office of Bar Counsel took no exception to the Report and Recommendation of the Board.

We are required to "accept the findings of fact made by the Board unless they are unsupported by substantial evidence of record, and shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C. Bar R. XI, § 7(g)(1). Given the evidence in the record, we accept the Board's findings and adopt its recommended disposition.

Accordingly, Lawrence D. Jamison's petition for reinstatement is rejected.

*So ordered.*